92 F.3d 1179
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LORDS LANDING VILLAGE CONDOMINIUM COUNCIL OF UNIT OWNERS,
Plaintiff-Appellant,
v.
The CONTINENTAL INSURANCE COMPANY, Defendant-Appellee.
 No. 95-2568.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1996.
Decided Aug. 6, 1996.
 
 Appeal from the United States District Court for the District of Maryland at Greenbelt. Peter J. Messitte, District Judge. (CA-94-3377-PJM)
 ARGUED: Kevin Thornton, KAPLAN & KAPLAN, P.A., Baltimore, Maryland, for Appellant. Gregory Ryder Black, SAUNDERS & SCHMIELER, Silver Spring, Maryland, for Appellee. ON BRIEF: Jeffrey R. Schmieler, SAUNDERS & SCHMIELER, Silver Spring, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The unit owners of Lords Landing Village Condominium ("unit owners"), having obtained a $1.1 million judgment against the condominium developer, filed this action against the developer's insurance company, Continental Insurance Company ("Continental") to compel Continental to pay the judgment. Applying Maryland law, the district court concluded that the policy issued by Continental did not cover the loss because it did not arise from an "occurrence" within the meaning of the policy. We affirm.
 
 
 2
 In the underlying action, the unit owners sued the condominium developer, Wellington Homes, for numerous defects in the condominium complex, including a faulty fire protection sprinkler system, faulty insulation, and rotted wood resulting from a subcontractor's failure to prime wood components prior to painting. A jury rendered a verdict in favor of the unit owners against Wellington Homes for breach of express and implied warranties and misrepresentations and awarded the unit owners $1.1 million.
 
 
 3
 To collect the judgment, the unit owners instituted this action against Continental because it had issued a general liability policy covering Wellington during the applicable period. That policy provides payment for "those sums that [Wellington] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." And property damage is covered only if it is caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
 
 
 4
 The district court held that as a matter of law, property damage that is the natural, probable consequence of poor workmanship and omissions is not caused by an occurrence as defined by the policy. The court noted that there was no occurrence whether it was the subcontractor or a general contractor that was involved.
 
 
 5
 Appealing the district court's judgment, the unit owners contend that "the accident component of an occurrence must be viewed subjectively, and where the injury is not expected or intended from the standpoint of the insured an occurrence takes place." This contention, however, is based on the policy's exclusions and fails to take into account the policy's threshold requirement that property damage be caused by an "occurrence." If we were to interpret the policy as urged by the unit owners, we would be collapsing one of the policy's business risks exclusions into a threshold requirement for coverage. The policy in question does not provide coverage for all property damage, but only property damage that is caused by an "occurrence." Only if that threshold coverage is crossed must the exclusion alluded to by the unit owners be addressed, i.e. the exclusion for property damage that was "expected or intended from the standpoint of the insured." Accordingly, we must first address whether the loss was caused by an occurrence or accident.
 
 
 6
 "Under Maryland law in the context of insurance law 'accident' means an 'undesigned, sudden and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force, but it does not mean the natural and ordinary consequences of a negligent act.' " IA Construction Corp. v. T & T Surveying, Inc., 822 F.Supp. 1213, 1215 (D.Md.1993) (quoting Ed. Winkler & Son, Inc. v. Ohio Casualty Ins. Co., 441 A.2d 1129, 1132 (Md.App.1980) (quoting 7A Appleman, Insurance Law and Practice § 4492 at 17 (Berdal ed.1979))) (holding that claims against contractor for work performed in reliance upon negligent work of another contractor did not constitute "occurrence" under general liability policy). Occurrence "does not include the normal, expected consequences of poor workmanship." Reliance Ins. Co. v. Mogavero, 640 F.Supp. 84, 86 (D.Md.1986).
 
 
 7
 We agree with the district court that the damages awarded in the underlying action for breach of warranties and misrepresentations allegedly resulting from the poor workmanship of a subcontractor were not caused by an "occurrence" within the meaning of Continental's policy. "This is the stuff of the construction trade (and profes sional malpractice insurance), not a risk protected against by a general liability policy." IA Construction Corp., 822 F.Supp. at 1215 (referring to one contractor's negligence causing liability for another contractor); see also Mogavero, 640 F.Supp. at 85 ("[t]his case turns upon one overriding principle: that [insurer] issued a general liability policy, not a performance bond"); cf. American Home Assurance Co. v. Osbourn, 422 A.2d 8, 13 (Md.App.1980) (holding that action against service station operator for trespass and conversion did not constitute "occurrence").
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 9
 AFFIRMED.