AMERICAN PUBLIC COMMU-
NICATIONS COUNCIL,
INC., Plaintiff,

v.

ALLNET COMMUNICATION
SERVICES, INC.,
Defendant.

Civil Action No. 93–0034–LFO.

United States District Court,
District of Columbia.

March 26, 1997.

Albert H. Kramer, Thomas Mack, Dickstein, Shapiro, Morin & Oshinsky LLP, Washington, DC, for Plaintiff.

William Malone, Miller & Van Eaton, Washington, DC, Michael J. Shortley, III, Frontier Corp., Rochester, NY, for Defendant Frontier Communications Services (formerly Allnet Comm.).

## MEMORANDUM

OBERDORFER, District Judge.

On December 20, 1993, a Memorandum and Order granted summary judgment in favor of plaintiff American Public Communications Council, Inc. ("APCC") against defendant Allnet Communication Services, Inc. ("Allnet"). That decision was based primarily on a prior finding by the Federal Communications Commission ("FCC"), which determined that Allnet was a "provider of operator services" within the meaning of section 226 of the Communications Act. *See* Second Report and Order, 7 FCC Rcd. 3251 (1992).

Allnet appealed the grant of summary judgment, and during the pendency of that

appeal, the FCC reconsidered its original decision. *See* Memorandum Opinion and Order on Further Reconsideration, 10 FCC Rcd. 11457, 11464 (1995). The FCC decided that its was incorrect to classify Allnet as a "*provider of operator services*" and, accordingly, "remove[d] Allnet from the list of compensation payors *retroactive* to the advent of the interim flat-rate compensation mechanism." *Id.* (emphasis added). In this manner, the FCC undermined entirely the basis of APCC's claim that it was entitled to compensation.

Subsequently, the parties reached a negotiated settlement, reflecting an understanding that intervening events had eliminated the justification for APCC's claim. On December 30, 1996, the D.C. Circuit dismissed the appeal and remanded with instructions to determine whether vacatur of the summary judgment order would be appropriate. Both parties have since submitted memoranda in support of that position.

### I.

 Typically, where the voluntary settlement of a lawsuit renders the appeal moot, the judgment of the district court is *not* vacated. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25–27, 115 S.Ct. 386, 392, 130 L.Ed.2d 233 (1994); *In re United States*, 927 F.2d 626 (D.C.Cir.1991). The rationale is that judicial precedent, which inures to the benefit of the public, should not be used as a bargaining chip in private negotiations.

In this case, however, there is no indication that the prevailing party in the district court, APCC, bargained away the precedent of the summary judgment order. Rather, an intervening change in the dispositive facts substantially altered the merits of APCC's claim. In such a situation, the Court of Appeals—most likely—would have vacated and remanded for further consideration. *See Thomas v. American Home Products. Inc.*, —— U.S. ——, 117 S.Ct. 282, 136 L.Ed.2d 201 (1996); *see id.* at —— ——, 117 S.Ct. at 282–84 (Scalia, J., concurring). On remand, the parties—almost assuredly—would have reached the same settlement agreement that was secured. Instead of following down that circuitous path, however, the parties simply settled their dispute in the Court of Appeals.

Thus, this case presents a narrow exception to the general rule enunciated in *U.S. Bancorp*. Although the parties' negotiated settlement provided the technical reason why this case became moot, it was actually the FCC's reconsideration that underlay that transformation. In a sense, the settlement agreement was a *fait accompli*. Since both parties have agreed to the vacatur of the summary judgment order, it will be vacated, and the complaint will be dismissed.