# LORDS LANDING VILLAGE CONDOMINIUM COUNCIL OF UNIT OWNERS *v.* CONTINENTAL INSURANCE CO.

No. 96–1033.   Decided June 2, 1997

Per Curiam.

In this diversity case, the holding of the federal appellate court below has been called into question by a recent decision of the highest state court in Maryland. We must decide whether it is appropriate, in these circumstances, for this Court to grant the petition for certiorari, vacate the judgment of the lower court, and remand the case (GVR) for further consideration.

Petitioner, an association of condominium owners, sued respondent in Maryland state court, seeking to compel respondent to pay a $1.1 million judgment it had obtained against respondent's insured, the developer of its condominium complex. In a previous action, a jury had held the developer liable for numerous defects in the complex, finding that the developer had made misrepresentations and breached various warranty obligations. Respondent had issued a general liability insurance policy covering the developer. The policy provided that respondent would pay " 'those sums that [the developer] becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies.' " App. to Pet. for Cert. 2a. Under the policy, "property damage" was covered only if it was caused by an "accident."

Respondent removed the action to the United States District Court for the District of Maryland, based on the parties' diversity of citizenship. The District Court granted summary judgment in favor of respondent. On August 6, 1996, the Court of Appeals for the Fourth Circuit affirmed. The Court of Appeals held that, as a matter of Maryland law, an "accident" does not include the "natural and ordinary consequences of a negligent act." *Id.*, at 4a (internal quotation marks omitted) (citing *IA Construction Corp.* v. *T&T Surveying, Inc.*, 822 F. Supp. 1213, 1215 (Md. 1993) (quoting *Ed. Winkler & Son, Inc.* v. *Ohio Casualty Ins. Co.*, 51 Md. App. 190, 194–195, 441 A. 2d 1129, 1132 (1982))). Because the damages awarded in the underlying action were for breach

of warranties and misrepresentations relating to poor workmanship, the Court of Appeals concluded that the damages were not caused by an "accident" within the meaning of respondent's insurance policy. The Court of Appeals denied a petition for rehearing on September 3, 1996, and issued the mandate on September 11, 1996.

On September 17, 1996, petitioner's counsel learned of *Sheets* v. *Brethren Mutual Ins. Co.*, 342 Md. 634, 679 A. 2d 540, a recent decision of the Maryland Court of Appeals—the highest court in Maryland. (Although *Sheets* was handed down on July 26, 1996, 11 days before the Court of Appeals' decision, the parties were not aware of the decision until after the mandate was issued, and therefore had not brought the case to the attention of the Court of Appeals. Pet. for Cert. 11.) *Sheets* cast doubt on the soundness of the Court of Appeals' decision because it held that "an act of negligence constitutes an 'accident' under a liability insurance policy when the resulting damage was 'an event that takes place without [the insured's] foresight or expectation.'" 342 Md., at 652, 679 A. 2d, at 548 (citation and internal quotation marks omitted). The Maryland Court of Appeals also expressly disapproved *Ed. Winkler & Son, supra,* at 1132, and *IA Construction Corp., supra,* at 1215, two decisions on which the Court of Appeals had primarily relied. 342 Md., at 654–655, and n. 4, 679 A. 2d, at 549–550, and 550, n. 4.

On September 20, 1996, petitioner filed a motion asking the Court of Appeals to recall or stay its mandate based on this development in Maryland law. In its response, respondent argued in part that the Court of Appeals lacked authority to recall an already issued mandate. In a brief order, the Court of Appeals denied petitioner's request, ruling only that "the said petition and motions are without merit." App. to Pet. for Cert. 11a. Petitioner now asks us to grant certiorari, vacate the judgment below, and remand the case to the Court of Appeals for further consideration in light of *Sheets.* Pet. for Cert. 13–14.

This case fits within the category of cases in which we have held it is proper to issue a GVR order. "Where intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order is ... potentially appropriate." *Lawrence* v. *Chater,* 516 U. S. 163, 167 (1996) *(per curiam).* The situation here is virtually identical to that in *Thomas* v. *American Home Products, Inc.,* 519 U. S. 913 (1996), a state-law case from earlier in this Term. There, after the Court of Appeals for the Eleventh Circuit ruled against petitioners, the Georgia Supreme Court overruled the holding that was the basis for the federal appeals court's holding. *Id.,* at 914 (SCALIA, J., concurring). The appellate court nevertheless denied a petition for rehearing, and we GVR'd. As JUSTICE SCALIA wrote in concurrence, our order was in keeping with our "longstanding practice" of vacating a court of appeals' decision based on a construction of state law that appears to contradict a recent decision of the highest state court. *Id.,* at 915. "[A] judgment of a federal court ruled by state law and correctly applying that law as authoritatively declared by the state courts when the judgment was rendered, must be reversed on appellate review if in the meantime the state courts have disapproved of their former rulings and adopted different ones." *Huddleston* v. *Dwyer,* 322 U. S. 232, 236 (1944) *(per curiam).*

Given *Sheets'* explicit disapproval of the cases on which the Court of Appeals based its decision, there is reason to question the correctness of the Court of Appeals' decision. It is true that petitioner brought *Sheets* to the attention of the Court of Appeals in a motion to stay or recall its mandate and that the Court of Appeals denied this motion. But the Court of Appeals' ambiguous statement that petitioner's re-

quest was "without merit" does not establish that it actually considered and rejected petitioner's *Sheets* argument. In opposing petitioner's motion, respondent argued that a court of appeals lacks authority to recall its mandate, and the Court of Appeals may have rested its denial of petitioner's motion on this procedural ground. Respondent does not argue otherwise. Indeed, the procedural ground is by far the most likely, given *Sheets'* explicit repudiation of the precedent on which the Court of Appeals' original judgment hinged. Moreover, we have at least once before issued a GVR order where petitioners notified the Federal Court of Appeals of an intervening State Supreme Court's opinion in a second petition for rehearing, which the Court of Appeals denied. See *Huddleston, supra,* at 235.

In these circumstances, we now grant certiorari, vacate the judgment below, and remand the case to the Court of Appeals for further consideration.

CHIEF JUSTICE REHNQUIST, with whom JUSTICE BREYER joins, dissenting.

In *Thomas* v. *American Home Products, Inc.,* 519 U. S. 913 (1996), the Court granted, vacated, and remanded a decision of the Court of Appeals for the Eleventh Circuit for reconsideration in the light of a decision of the Georgia Supreme Court that was handed down after the Court of Appeals had denied a petition for rehearing. The lower court there had had no opportunity to consider the impact of the new state-law decision.

Here, by contrast, *Sheets* v. *Brethren Mutual Ins. Co.,* 342 Md. 634, 679 A. 2d 540 (1996), was expressly considered by the court below. Although *Sheets* was not brought to the attention of the Fourth Circuit until after it had rendered its decision and denied rehearing, petitioner raised it nonetheless before that court in a motion to recall or stay the mandate. Petitioner's motion did not fall on deaf ears; indeed, the Fourth Circuit went to the unusual lengths of requesting

a response to the motion and then, after the response was received, issuing a written order rejecting the claim. The only question discussed in that order is whether *"Sheets* should have required a different disposition of this case than the [original] disposition." App. to Pet. for Cert. 10a. And the court resolved that question, concluding "[w]e are of [the] opinion the said petition and motions are without merit."* *Id.,* at 11a.

If this Court has, without any briefs on the merits, concluded that the Court of Appeals' refusal to alter its opinion in the light of *Sheets* was wrong, it should either set the case for argument or summarily reverse. True, this would require the investment of still more time and effort in a case that is in the federal courts only by reason of diversity of citizenship, see *Thomas, supra,* at 917 (REHNQUIST, C. J., dissenting), but it would have the virtue of explicitly telling the Court of Appeals how to dispose of the case. The Court's decision to grant, vacate, and remand in the light of *Sheets,* on the contrary, is muddled and cryptic. Surely the judges of the Court of Appeals are, in fairness, entitled to some clearer guidance from this Court than what they are now given.

---

*Although it is possible to construe this statement as being based on the procedural impropriety of raising such an issue on a motion to recall the mandate, such a construction is nowhere suggested in the order, nor is it the natural implication of the language ("without merit") used by the court below. I see no reason for us not to take the Fourth Circuit's order at face value.