Filed:  October 16, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 95-2568

Lords Landing Village Condominium Council of
Unit Owners,

Plaintiff - Appellant,

versus

The Continental Insurance Company,

Defendant - Appellee.

O R D E R

The Court amends its opinion filed September 17, 1997, as
follows:

On page 3, second full paragraph, line 7 -- the phrase "con-
tinuous of repeated exposure" is corrected to read "continuous <u>or</u>
repeated exposure."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LORDS LANDING VILLAGE
CONDOMINIUM COUNCIL OF UNIT
OWNERS,
Plaintiff-Appellant,

v.

THE CONTINENTAL INSURANCE
COMPANY,
Defendant-Appellee.

No. 95-2568

On Remand from the United States Supreme Court.
(S. Ct. No. 96-1033)

Decided on Remand: September 17, 1997

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin Thornton, KAPLAN & KAPLAN, P.A., Baltimore, Maryland,
for Appellant. Jeffrey R. Schmieler, Gregory Ryder Black,
SAUNDERS & SCHMIELER, Silver Spring, Maryland, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

The Council of Unit Owners at the Lords Landing Village Condominium complex ("Unit Owners") successfully sued Wellington Homes, the developer, and obtained a $1.1 million judgment for numerous defects in the condominium complex. Specifically, the Unit Owners complained that a defective fire protection system, faulty insulation, and rotted wood which resulted from a painting subcontractor's poor workmanship amounted to breaches of express and implied warranties. The Unit Owners also complained that Wellington Homes was guilty of misrepresentation in selling the condominium units.

Unable to collect the $1.1 million judgment from Wellington Homes, the Unit Owners brought the present action against Continental Insurance Company, which had issued a general liability insurance policy to Wellington Homes for the relevant period. The policy provided coverage for property damage if caused by an "occurrence," which was defined by the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Continental Insurance disputed coverage and defended the action by arguing, in part, that the damage to the condominium complex was the natural result of poor workmanship and thus not an "occurrence" as defined in the policy.

The district court agreed with Continental Insurance and held, as a matter of law, that property damage that is the natural, probable consequence of poor workmanship is not caused by an "accident," and thus not by an "occurrence," regardless of whether the work was performed by the contractor or a subcontractor.

On the basis of IA Construction Corp. v. T&T Surveying, Inc., 922 F. Supp. 1213 (D. Md. 1993); Reliance Ins. Co. v. Mogavero, 640 F. Supp. 84 (D. Md. 1986); and Ed. Winkler & Son, Inc. v. Ohio Casualty Ins. Co., 441 A.2d 1129 (Md. App. 1980), we affirmed, holding that "`accident' means an `undesigned, sudden and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force, but it does not mean the natural and

2

ordinary consequences of a negligent act.'" <u>Lords Landing Village Condominium Council v. Continental Ins. Co.</u>, No. 95-2568, 1996 WL 439073 at *1 (4th Cir. Aug. 6, 1996), <u>quoting IA Construction</u>, 922 F. Supp. at 1215, <u>quoting Ed. Winkler & Son</u>, 441 A.2d at 1132. We also refused to view the "accident" component of "occurrence" subjectively, holding that to do so would be inconsistent with the language of the policy and was not required by Maryland insurance law. <u>See id.</u> at *1-2.

The Supreme Court granted the plaintiff's petition for writ of certiorari, vacated our decision, and remanded the case to us for reconsideration in light of the recent Maryland Court of Appeals decision in <u>Sheets v. Brethren Mutual Ins. Co.</u>, 679 A.2d 540 (Md. 1996). <u>See Lords Landing Village Condominium Council v. Continental Ins. Co.</u>, 117 S. Ct. 1731 (1997).

In <u>Sheets,</u> in the context of determining whether an insurer's duty to defend the insured included a duty to defend against claims of negligent misrepresentation, the Maryland Court of Appeals examined the meaning of the term "occurrence" in a general liability policy employing language virtually identical to that involved in the present case. In that policy too, an occurrence was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," although the policy did not further define the term "accident." <u>Sheets</u>, 679 A.2d at 545. After discussing the major lines of jurisprudence as developed in cases both in Maryland and elsewhere, the Maryland court clarified its precedents to hold that "when a negligent act causes damage that is <u>unforeseen or unexpected by the insured</u>, the act is an `accident' under a general liability policy." <u>Id.</u> at 548 (emphasis added). This newly articulated standard requires a factual determination of the <u>subjective</u> expectations of the insured with regard to the damages incurred, for the Court of Appeals noted, "If we were to adopt an objective standard and hold that the term `accident' as used in liability insurance policies excludes coverage for damage that <u>should have</u> been foreseen or expected by the insured, such insurance policies would be rendered all but meaningless." <u>Id.</u> at 549. The court expressly repudiated the foreseeability analysis of <u>Ed. Winkler & Son</u>, on which we had earlier relied. <u>See Sheets</u>, 679 A.2d at 549-50.

3

Because the district court and the parties themselves did not have the benefit of the <u>Sheets</u> decision at the time that the motion for summary judgment was originally presented to the district court, there has thus far been no determination of the factual question of the insured's subjective foresight with regard to the plaintiff's damages. Whether this may be appropriately determined on summary judgment is best considered by the district court. The court may also wish to reconsider the parties' arguments with regard to the applicability of exclusions from coverage also found in the policy -- arguments that it found unnecessary to resolve in its original decision.

Accordingly, we vacate the district court's order and remand this case to the district court for further consideration in light of the <u>Sheets</u> decision to determine the applicability of that case and to consider any other factual or legal arguments that may become relevant.

<u>VACATED AND REMANDED</u>

4